# Exhibit A

# Commonwealth of Massachusetts

FRANKLIN, ss.
TRIAL COURT DEPARTMENT
FRANKLIN SUPERIOR DIVISION
CIVIL ACTION NO. 1678CU102

Paullette M. Leukhardt,
    Plaintiff

v.

Amherst College Corporation and Board of Trustees,
    Defendant

## ORIGINAL COMPLAINT

1. The Plaintiff, Paullette M. Leukhardt, is an individual and resides at 230 Main Street, Ashfield, County of Franklin, Massachusetts.

2. The Defendants Amherst College Corporation and Board of Trustees (together referred to as "Amherst College") is a federally funded, private liberal arts college located in Amherst, County of Hampshire, Commonwealth of Massachusetts.

3. Plaintiff is an employee of the Defendant in its Administrative Information Services department f/k/a Database Services.

4. Plaintiff was first hired by Defendant in October 1968.

5. The Defendant hired Plaintiff as a salaried employee the salary calculated at 35 hours per week.

6. As a salaried employee of Defendant, it is not possible for Plaintiff to stop in the middle of meetings, IT projects, or other job processes even though they may extend beyond Plaintiff's allotted 35 hours upon which her salary is based.

7. During the period 1985 – 1990, female employees of the Defendant complained of what appeared to be a gender discriminatory pay structure in that the male non-exempt staff employed in the Defendant's Physical Plant department were being paid for a forty hour work week, while female non-exempt staff were restricted to a thirty-five hour work week.

8. Prior to 1997, the Defendant had its computer related services divided into two departments: The Academic Computer Center which reported to the Dean of Faculty, and the Administrative Computer Center reporting to the Treasurer of the College.

9. During the period 1985 – 1993, The Director of the Academic Computer Center, the Dean of Faculty, changed all employees in that department from 35hr/week salaried employees to 40hr/week salaried employees. The Administrative Computer Center employees remained at 35hr/week salaries. The employees in both departments performed basically the same work.

10. In 1996, both the Academic Computer Center and the Administrative Computer Center were reorganized so both departments began reporting to the Defendant's Dean of Faculty.

11. In 1997, Defendant hired its first Director of Information Technology. The two computer centers then began reporting directly to the Director of Information Technology who reported to the Dean of Faculty.

12. Under the first Director of Information Technology, the two computer centers were divided into four groups. No changes in the existing pay structures occurred during the 1996-1997 period. This resulted in Plaintiff remaining as a 35hr/week salaried employee while her male counter-parts receiving 40hr/week salaries for the same work.

13. Beginning approximately 1999 and continuing through 2013, new employees were hired into the various Information Technology groups, including the Plaintiff's group of "Database Services." The new hires were young males who were all hired as 40hr/week salaried employees.

14. In August 2008, a new person was hired into Plaintiff's department. The new hire was male and under 50 years of age. He was hired as a 40hr/week salaried position.

15. Beginning in 2009 Plaintiff requested her weekly hours be changed from 35 to 40 hours/week. She made this request because of the requirements of her position and the wage discrepancy existing between herself and younger male colleagues at Amherst College who were performing the same work as Plaintiff. Her many requests were denied without justification.

16. During April-June, 2010, Plaintiff's then supervisor requested Plaintiff's hours be increased from 35 to 40 hours/week. This request was made to the Defendant's Director of Information Technology at the time, Peter Schilling. The request was denied.

17. In September 2010, Plaintiff met with the Defendant's Dean of Faculty, Greg Call, and requested she be changed to a 40hr/week salaried employee in light of all other members of her department being hired as 40hr/week salaried employees. Plaintiff explained the actual hours she worked with her fellow employees was always 40-60 hours/week. Plaintiff's request was summarily denied.

18. Less than two months after Plaintiff made her request to Defendant's Dean of Faculty, two new people were hired by the Defendant into Plaintiff's department: Both were male and under 50 years old. Both new employees were hired as 40hr/week salaried positions.

19. Subsequent to Plaintiff making her requests to Greg Call for an increase in hours, the Defendant's Director of Human Resources, Katie Bryne, stated the solution to the wage inequity issue raised by Plaintiff was for her to "work less."

20. During 2008 and 2010, three new employees were hired into the Plaintiff's department. All were male and younger than Plaintiff. All the new hires began as 40hr/week salaried employees.

21. On January 2015, Plaintiff's immediate supervisor made a request to Defendant's CIO, David Hamilton, that Plaintiff's hours be changed from 35 to 40/week. The request was ignored.

22. In 2015, Plaintiff spoke directly with the Defendant's CIO, David Hamilton, she explained her belief the disparate pay structure between herself and her male colleagues and the new hires was discriminatory being based on gender and age. She demanded the issue be retroactively resolved. David Hamilton ignored Plaintiff and otherwise never responded to Plaintiff's demands.

23. In March 2015, Ms. Leukhardt spoke with David Hamilton directly. She very deliberately and repeatedly indicated to David Hamilton the discrimination based on age and gender which was happening to her needed to be fixed immediately. She again specifically explained how she was working at least 40 hours per week alongside and with the younger men in her department. However, the younger men were being paid for 40 hours but she was still at 35 hours. She told Mr. Hamilton she had raised the issue since 2010. She asked why the long delay to fix such an obvious problem.

24. In March 2015, Defendant's CIO, David Hamilton said to Plaintiff, "you don't want to spoil your last years of your employment with the College." He then went on to infer any change the Plaintiff was requesting would necessarily require legal action against Amherst College. David Hamilton has told other employees who worked beyond their allotted hours "you let the College abuse you."

25. More than 90 days passed after Plaintiff's March 2015 meeting with CIO David Hamilton during which no response was made to Plaintiffs' requests.

26. Defendant Amherst College discriminated against Plaintiff on the basis of her gender by providing her with less compensation than similarly situated male employees performing the same or similar duties.

27. Defendant Amherst College's discriminatory policies, practices, and procedures are not valid, job related, or justified by business necessity.

28. During the period relevant to this Complaint, Defendant's wrongful actions and failure to act directly caused Plaintiff to lose a significant amount of wages, employer retirement contribution, employer social security contributions, employer Medicare contributions, and a lost rate or return on her retirement benefits.

## COUNT 1
## (EQUAL PAY ACT VIOLATION)

29. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-28 of this Complaint.

30. All actions of Defendant Amherst College's employees/agents are imputed to the Defendant in pursuant to the doctrine of *respondeat superior*.

31. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her gender.

32. By its actions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").

33. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

34. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

35. The Plaintiff has exhausted her administrative remedies and complied with any statutory prerequisites by filing charges with the Equal Employment Opportunity Commission alleging gender discrimination on behalf of herself. Plaintiff has perfected her Right to Sue.

36. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

37. Because Defendant Amherst College willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

38. As a result of Defendant Amherst College's conduct as alleged in this Complaint, Plaintiff Paullette M. Leukhardt suffered harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

39. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

40. Attorneys' fees should be awarded under 29 U.S.C. §216(b)

## COUNT II
## (TITLE VII VIOLATION)

41. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-40 of this Complaint.

42. Defendant Amherst College's actions and failure to act constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"). 42 U.S.C. 2000e, *et. seq.* ("Title VII").

43. This suit is being brought within 90 days of the receipt by Plaintiff of Right to Sue letter issued by the EEOC.

44. Defendant Amherst College has discriminated against Plaintiff Paullette M. Leukhardt by treating her differently from and less preferably than similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her gender affecting her compensation in violation of Title VII.

45. Defendant Amherst College's policies, practices, and/or procedures have had a disparate impact on Plaintiff Paullette M. Leukhardt with respect to the terms and conditions of her employment.

46. Defendant Amherst College's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff Paullette M. Leukhardt entitling her to punitive damages.

47. By reason of the continuous nature of Defendant Amherst College's discriminatory conduct, which persisted throughout the employment of the Plaintiff up until July 2016, Plaintiff Paullette M. Leukhardt is entitled to the application of the continuing violations doctrine to all violations alleged herein.

48. As a result of Defendant Amherst College's conduct alleged in this Complaint, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

49. Plaintiff Paullette M. Leukhardt is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants under Title VII.

50. As a further result of Defendant Amherst College's unlawful conduct, Plaintiff Paullette M. Leukhardt suffered *inter alia*, impairment to her name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. Plaintiffs are entitled to recover damages for such injuries from the Defendant Amherst College under Title VII.

51. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of Title VII, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT III
### (Violation of G.L. c. 151B)

52. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-51 of this Complaint.

53. At all times relevant to this Complaint, Plaintiff Paullette M. Leukhardt was over the age of 40.

54. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

55. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of G.L. c. 151B.

56. The differential in pay between younger and older employees was not due to seniority, merit, quantity or quality of production, or a factor other than age, but was due to age.

57. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on age, in violation of the G.L. c. 151B.

58. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

59. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## COUNT IV
## (29 U.S.C. §§ 623(a) (1), 631(a))

60. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-59 of this Complaint.

61. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

62. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of 29 U.S.C. §§ 623(a)(1), 631(a).

63. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

64. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Respectfully Submitted,
Paullette M. Leukhardt, Plaintiff,
By her Attorney,

R. Dave DeHerdt, Esquire
BBO#558861
9B State Street, PO Box 28
Shelburne Falls, MA 01370
(413) 376-8000

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1678 CV 102 | | Trial Court of Massachusetts The Superior Court |
|---|---|---|---|
| PLAINTIFF(S): Paullette M. Leukhardt ADDRESS: 230 Main Street Ashfield, MA 01330 | | DEFENDANT(S): | COUNTY FRANKLIN Amherst College Corporation and Board of Trustees |
| ATTORNEY: R. DAVE DEHERDT ADDRESS: POB 28 SHELBURNE FALLS, MA 01370 | | ADDRESS: | Board of Trustees, 104 Converse Hall Amherst, MA 01002 |
| BBO: 558861 | | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe: (EPA, Title VII, GL 151B)

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............ $
  2. Total doctor expenses ............ $
  3. Total chiropractic expenses ............ $
  4. Total physical therapy expenses ............ $
  5. Total other expenses (describe below) ............ $
  Subtotal (A): $

B. Documented lost wages and compensation to date ............ $ 105,209
C. Documented property damages to dated ............ $
D. Reasonably anticipated future medical and hospital expenses ............ $
E. Reasonably anticipated lost wages ............ $
F. Other documented items of damages (describe below) ............ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Due to discriminatory acts of Defendant, Plaintiff suffered lost wages, lost back pay, lost bonuses, lost benefits, lost interest, incurred attorney's fees and costs.

TOTAL (A-F): $ 105,209.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____  Date: 09/26/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: 09/26/16