

**COMMONWEALTH OF MASSACHUSETTS**
**FRANKLIN COUNTY**
Docket Report

## 1678CV00102
**Leukhardt, Paullette M  vs.  Amherst College Corporation and Board of Trustees**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 09/26/2016 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE** 01/06/2017 | | | |
| **CASE DISPOSITION:** | Transferred to another Court | **CASE STATUS :** | Closed |
| | | **STATUS DATE :** | 01/06/2017 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

### LINKED CASE

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 12/27/2016 | 01/06/2017 |
| Rule 12/19/20 Served By | 01/24/2017 | 01/06/2017 |
| Answer | 01/24/2017 | 01/06/2017 |
| Rule 15 Served By | 01/24/2017 | 01/06/2017 |
| Status Review | 02/06/2017 | 01/06/2017 |
| Rule 12/19/20 Filed By | 02/23/2017 | 01/06/2017 |
| Rule 15 Filed By | 02/23/2017 | 01/06/2017 |
| Rule 15 Heard By | 03/27/2017 | 01/06/2017 |
| Rule 12/19/20 Heard By | 03/27/2017 | 01/06/2017 |
| Discovery | 07/24/2017 | |
| Rule 56 Served By | 08/22/2017 | 01/06/2017 |
| Rule 56 Filed By | 09/21/2017 | 01/06/2017 |
| Final Pre-Trial Conference | 01/19/2018 | 01/06/2017 |
| Judgment | 09/26/2018 | 01/06/2017 |

### PARTIES

**Plaintiff**
Leukhardt, Paullette M
230 Main Street
Ashfield, MA 01330

**Private Counsel** 558861
Richard D Deherdt
Law Office of R. Dave DeHerdt
Law Office of R. Dave DeHerdt
9B State Street
POB 28
Shelburne Falls, MA 01370
Work Phone (413) 376-8000
Added Date: 09/26/2016

A TRUE COPY ATTEST

*Susan K. Emond*
Clerk of Courts

**COMMONWEALTH OF MASSACHUSETTS**
**FRANKLIN COUNTY**
**Docket Report**

| **Defendant** | **Private Counsel** | **641270** |
|---|---|---|
| Amherst College Corporation and Board of Trustees<br>104 Converse Hall<br>Amherst, MA 01002 | David John Santeusanio<br>Holland & Knight<br>Holland & Knight<br>10 St. James Avenue<br>Boston, MA 02116<br>Work Phone (617) 854-1490<br>Added Date: 01/06/2017 | |

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| 06/23/2017 | Civil A | Pre-Trial Conference | Canceled | Rup |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| Total | | 280.00 | 280.00 | 0.00 | 0.00 |

| Deposit Account(s) Summary | | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|---|
| Total | | | | | |

**COMMONWEALTH OF MASSACHUSETTS**
**FRANKLIN COUNTY**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 09/26/2016 | 1 | Civil action cover sheet filed. | |
| 09/26/2016 | 2 | Original civil complaint filed. | |
| 09/26/2016 | | Demand for jury trial entered. | |
| 09/26/2016 | | Attorney appearance<br>On this date Richard D Deherdt, Esq. added as Private Counsel for Plaintiff Paullette M. Leukhardt | |
| 09/26/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 09/26/2016 | |
| 12/20/2016 | 3 | Summons, returned SERVED<br><br>Applies To: Amherst College Corporation and Board of Trustees (Defendant) | |
| 01/03/2017 | 4 | Defendant Amherst College Corporation and Board of Trustees's   Notice of<br>filing notice of removal. | |
| 01/06/2017 | | Event Result:<br>The following event: Pre-Trial Conference scheduled for 06/23/2017 02:00 PM has been resulted as follows:<br>Result: Canceled<br>Reason: Transferred to another session | Rup |
| 01/06/2017 | | Case transferred to another court. | |
| 01/06/2017 | | Attorney appearance<br>On this date David John Santeusanio, Esq. added as Private Counsel for Defendant Amherst College Corporation and Board of Trustees | |
| 01/06/2017 | | General correspondence regarding mailed certified copy of the file to defendant's attorney. | |

(3)

 

# Commonwealth of Massachusetts

FRANKLIN, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1678CV102

*Paulette M Leukhardt* PLAINTIFF(S),

v. *Board of Trustees*
*Amherst College Corp* DEFENDANT(S)

FRANKLIN SUPERIOR
COURT
FILED

**SUMMONS**

THIS SUMMONS IS DIRECTED TO *Board of Trustees, Amherst* . (Defendant's Name)
*College Corporation*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint
filed against you is attached to this summons and the original complaint has been filed in the Franklin Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case
    against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell
    your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the
    Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the
    Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, **Franklin Superior Court, 101
        Munson Street, Greenfield, MA 01301** (address), by mail or in person, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
        *R. Dave Dettardt, 98 STATE ST., POB 28, SHELBURNE Falls, MA 01370*

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state
    whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called
    affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any
    claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described
    in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the
    Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically**
    request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and
    file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss
    must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion
    to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in
    which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information
    for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number
    assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to
    yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on *December 5*, 20*16* . (SEAL) **A TRUE COPY ATTEST**

Susan K. Emond
Clerk of Courts

*Susan K. Emond*

*Susan K. Emond*

**Clerk of Courts**

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it
is served on the Defendant.

(3)



# PROOF OF SERVICE OF PROCESS



Office of the Sheriff

PO Box 684, Northampton, MA  01061    Telephone (413) 585-0618    Hampshire, ss.

December 14, 2016

I hereby certify and return that on 12/13/2016 at 12:05 PM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, CIVIL TRACKING ORDER F in this action in the following manner: To wit, by delivering in hand to DIANNE M. PIERMATTEI, ASSISTANT TO THE SECRETARY OF THE BOARD OF TRUSTEES, WHO ACCEPTED SERVICE ON BEHALF OF THE BOARD OF TRUSTEES,  AMHERST COLLEGE CORPORATION at  104 CONVERSE HALL,  AMHERST, MA 01002 .  In the service hereof, it was necessary and I actually used a motor vehicle 22  miles. Fees: Attest $5.00, Basic Service $30.00, Conveyance $3.30, Copies $2.00, Travel Fees $8.32 Total $48.62

Deputy Sheriff  GEORGE SYMBORSKI

George Symborski

COMMONWEALTH OF MASSACHUSETTS

FRANKLIN, ss.                                    SUPERIOR COURT DEPARTMENT

PAULLETTE M. LEUKHARDT,

      Plaintiff,

v.                                                   Civil Action No.: 1678CV00102

AMHERST COLLEGE CORPORATION
AND BOARD OF TRUSTEES,

      Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

    Please take notice that on December 30, 2016, defendant Trustees of Amherst College[1]

("Amherst College") filed in the United States District Court for the District of Massachusetts its

Notice of Removal of this action to the United States District Court.  A copy of the Notice of

Removal is attached as Exhibit 1.

    Pursuant to 28 U.S.C. § 1446(d), this notice is hereby provided to the Franklin County

Superior Court to effect removal.  Therefore, Amherst College respectfully requests that this

Court proceed no further in this matter.

                            Respectfully submitted,

                            TRUSTEES OF AMHERST COLLEGE

                            By its attorneys,

                            David J. Santeusanio (BBO No. 641270)
                            *david.santeusanio@hklaw.com*
                            Katrina N. Chapman (BBO No. 676177)
                            *katrina.chapman@hklaw.com*

---

[1] Plaintiff misnames Defendant as Amherst College Corporation and Board of Trustees. Defendant's correct legal name is Trustees of Amherst College.

A TRUE COPY ATTEST

Clerk of Courts

HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  December 30, 2016

## CERTIFICATE OF SERVICE

I certify that on December 30, 2016, I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on Plaintiff's counsel:  R. Dave DeHerdt, Law Office of R. Dave DeHerdt, 9B State Street, POB 28, Shelburne Falls MA 01370.

David J. Santeusanio

FRANKLIN SUPERIOR
COURT
FILED

2017 JAN -3 AM 11: 54

# EXHIBIT
# 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAULLETTE M. LEUKHARDT,

     Plaintiff,

v.

AMHERST COLLEGE CORPORATION
AND BOARD OF TRUSTEES,

     Defendant.

Civil Action No.:_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Trustees of Amherst College[1] ("Amherst College") hereby submits this Notice of Removal of the civil action filed by plaintiff Paullette M. Leukhardt in the Commonwealth of Massachusetts, Franklin County Superior Court. In support of this Notice of Removal, Amherst College states as follows:

1.     Plaintiff filed her Complaint against Amherst College on September 26, 2016 in Franklin County Superior Court. The case is captioned *Paullette M. Leukhardt v. Amherst College Corporation and Board of Trustees*, Docket No. 1678CV00102. A true and accurate copy of Plaintiff's Original Complaint and Civil Action Cover Sheet is attached at Exhibit A. Amherst College was served with process on December 13, 2016. A true and accurate copy of the Summons is attached at Exhibit B.

2.     This action is properly removable because this Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 based on Plaintiff's asserted claims for recovery under federal statutes. As such, this case is removable under 28 U.S.C. § 1441(a) and

---

[1] Plaintiff misnames Defendant as Amherst College Corporation and Board of Trustees. Defendant's correct legal name is Trustees of Amherst College.

(c) where Plaintiff asserts claims under the Equal Pay Act, 29 U.S.C. § 206 (d); Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e, *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 623(a)(1) and 631(a). *See* Complaint at Counts I, II, and IV. Plaintiff's Complaint "necessarily raises a federal question" that is actually disputed and substantial. *See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Mgmt.*, 585 F.3d 42, 49-51 (1st Cir. 2009).

3.      This Court also has supplemental jurisdiction over the state law claim (Chapter 151B claim) that Plaintiff asserts in the Complaint pursuant to 28 U.S.C. § 1367.

4.      Pursuant to 28 U.S.C. § 1441(a), this action is being removed to the District of Massachusetts because this Court is the United States District Court for the district and division embracing the place wherein the state court action is pending.

5.      This Notice of Removal is timely filed within thirty days after service of the Complaint on Amherst College.  Likewise, this Notice is filed within thirty days of Amherst College's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the first time Amherst College had possession of a copy of Plaintiff's Superior Court Complaint.

6.      A copy of this Notice of Removal is being filed with the Franklin County Superior Court, and a written notice is being provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

7.      Pursuant to Local Rule 81.1(a), certified or attested copies of all records, proceedings, and docket entries in the Franklin County Superior Court shall be filed with this Court within twenty-eight days.

2

#49097204_v2

WHEREFORE, defendant Trustees of Amherst College respectfully requests that the matter designated by the Complaint attached as Exhibit A be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

TRUSTEES OF AMHERST COLLEGE

By its attorneys,

*/s/ David J. Santeusanio*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Katrina N. Chapman (BBO No. 676177)
*katrina.chapman@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  December 30, 2016

## CERTIFICATE OF SERVICE

I hereby certify that the above Notice of Removal was filed through the ECF system and that I have caused a true and correct copy of the Notice of Removal to be served on Plaintiff's counsel:  R. Dave DeHerdt, Law Office of R. Dave DeHerdt, 9B State Street, POB 28, Shelburne Falls MA 01370.

*/s/ David J. Santeusanio*
David J. Santeusanio

#49097204_v2

**<u>Exhibit A</u>**

# Commonwealth of Massachusetts

FRANKLIN, ss.

TRIAL COURT DEPARTMENT
FRANKLIN SUPERIOR DIVISION
CIVIL ACTION NO. 1678CU 102

Paulette M. Leukhardt,

              Plaintiff

     v.

Amherst College Corporation and Board of
Trustees,

              Defendant

## ORIGINAL COMPLAINT

1. The Plaintiff, Paulette M. Leukhardt, is an individual and resides at 230 Main Street, Ashfield, County of Franklin, Massachusetts.

2. The Defendants Amherst College Corporation and Board of Trustees (together referred to as "Amherst College") is a federally funded, private liberal arts college located in Amherst, County of Hampshire, Commonwealth of Massachusetts.

3. Plaintiff is an employee of the Defendant in its Administrative Information Services department f/k/a Database Services.

4. Plaintiff was first hired by Defendant in October 1968.

5. The Defendant hired Plaintiff as a salaried employee the salary calculated at 35 hours per week.

6. As a salaried employee of Defendant, it is not possible for Plaintiff to stop in the middle of meetings, IT projects, or other job processes even though they may extend beyond Plaintiff's allotted 35 hours upon which her salary is based.

7. During the period 1985 – 1990, female employees of the Defendant complained of what appeared to be a gender discriminatory pay structure in that the male non-exempt staff employed in the Defendant's Physical Plant department were being paid for a forty hour work week, while female non-exempt staff were restricted to a thirty-five hour work week.

8. Prior to 1997, the Defendant had its computer related services divided into two departments: The Academic Computer Center which reported to the Dean of Faculty, and the Administrative Computer Center reporting to the Treasurer of the College.

9. During the period 1985 – 1993, The Director of the Academic Computer Center, the Dean of Faculty, changed all employees in that department from 35hr/week salaried employees to 40hr/week salaried employees. The Administrative Computer Center employees remained at 35hr/week salaries. The employees in both departments performed basically the same work.

10. In 1996, both the Academic Computer Center and the Administrative Computer Center were reorganized so both departments began reporting to the Defendant's Dean of Faculty.

11. In 1997, Defendant hired its first Director of Information Technology. The two computer centers then began reporting directly to the Director of Information Technology who reported to the Dean of Faculty.

12. Under the first Director of Information Technology, the two computer centers were divided into four groups. No changes in the existing pay structures occurred during the 1996-1997 period. This resulted in Plaintiff remaining as a 35hr/week salaried employee while her male counter-parts receiving 40hr/week salaries for the same work.

13. Beginning approximately 1999 and continuing through 2013, new employees were hired into the various Information Technology groups, including the Plaintiff's group of "Database Services." The new hires were young males who were all hired as 40hr/week salaried employees.

14. In August 2008, a new person was hired into Plaintiff's department. The new hire was male and under 50 years of age. He was hired as a 40hr/week salaried position.

15. Beginning in 2009 Plaintiff requested her weekly hours be changed from 35 to 40 hours/week. She made this request because of the requirements of her position and the wage discrepancy existing between herself and younger male colleagues at Amherst College who were performing the same work as Plaintiff. Her many requests were denied without justification.

16. During April-June, 2010, Plaintiff's then supervisor requested Plaintiff's hours be increased from 35 to 40 hours/week. This request was made to the Defendant's Director of Information Technology at the time, Peter Schilling. The request was denied.

17. In September 2010, Plaintiff met with the Defendant's Dean of Faculty, Greg Call, and requested she be changed to a 40hr/week salaried employee in light of all other members of her department being hired as 40hr/week salaried employees. Plaintiff explained the actual hours she worked with her fellow employees was always 40-60 hours/week. Plaintiff's request was summarily denied.

2

18. Less than two months after Plaintiff made her request to Defendant's Dean of Faculty, two new people were hired by the Defendant into Plaintiff's department: Both were male and under 50 years old. Both new employees were hired as 40hr/week salaried positions.

19. Subsequent to Plaintiff making her requests to Greg Call for an increase in hours, the Defendant's Director of Human Resources, Katie Bryne, stated the solution to the wage inequity issue raised by Plaintiff was for her to "work less."

20. During 2008 and 2010, three new employees were hired into the Plaintiff's department. All were male and younger than Plaintiff. All the new hires began as 40hr/week salaried employees.

21. On January 2015, Plaintiff's immediate supervisor made a request to Defendant's CIO, David Hamilton, that Plaintiff's hours be changed from 35 to 40/week.  The request was ignored.

22. In 2015, Plaintiff spoke directly with the Defendant's CIO, David Hamilton, she explained her belief the disparate pay structure between herself and her male colleagues and the new hires was discriminatory being based on gender and age. She demanded the issue be retroactively resolved. David Hamilton ignored Plaintiff and otherwise never responded to Plaintiff's demands.

23. In March 2015, Ms. Leukhardt spoke with David Hamilton directly. She very deliberately and repeatedly indicated to David Hamilton the discrimination based on age and gender which was happening to her needed to be fixed immediately. She again specifically explained how she was working at least 40 hours per week alongside and with the younger men in her department. However, the younger men were being paid for 40 hours but she was still at 35 hours.  She told Mr. Hamilton she had raised the issue since 2010. She asked why the long delay to fix such an obvious problem.

24. In March 2015, Defendant's CIO, David Hamilton said to Plaintiff, "you don't want to spoil your last years of your employment with the College." He then went on to infer any change the Plaintiff was requesting would necessarily require legal action against Amherst College. David Hamilton has told other employees who worked beyond their allotted hours "you let the College abuse you."

25. More than 90 days passed after Plaintiff's March 2015 meeting with CIO David Hamilton during which no response was made to Plaintiffs' requests.

26. Defendant Amherst College discriminated against Plaintiff on the basis of her gender by providing her with less compensation than similarly situated male employees performing the same or similar duties.

27. Defendant Amherst College's discriminatory policies, practices, and procedures are not valid, job related, or justified by business necessity.

28. During the period relevant to this Complaint, Defendant's wrongful actions and failure to act directly caused Plaintiff to lose a significant amount of wages, employer retirement contribution, employer social security contributions, employer Medicare contributions, and a lost rate or return on her retirement benefits.

## COUNT 1
## (EQUAL PAY ACT VIOLATION)

29. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-28 of this Complaint.

30. All actions of Defendant Amherst College's employees/agents are imputed to the Defendant in pursuant to the doctrine of *respondeat superior*.

31. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her gender.

32. By its actions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").

33. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

34. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

35. The Plaintiff has exhausted her administrative remedies and complied with any statutory prerequisites by filing charges with the Equal Employment Opportunity Commission alleging gender discrimination on behalf of herself. Plaintiff has perfected her Right to Sue.

36. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

37. Because Defendant Amherst College willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

38. As a result of Defendant Amherst College's conduct as alleged in this Complaint, Plaintiff Paullette M. Leukhardt suffered harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

39. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

40. Attorneys' fees should be awarded under 29 U.S.C. §216(b)

## COUNT II
## (TITLE VII VIOLATION)

41. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-40 of this Complaint.

42. Defendant Amherst College's actions and failure to act constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"). 42 U.S.C. 2000e, et. seq. ("Title VII").

43. This suit is being brought within 90 days of the receipt by Plaintiff of Right to Sue letter issued by the EEOC.

44. Defendant Amherst College has discriminated against Plaintiff Paullette M. Leukhardt by treating her differently from and less preferably than similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her gender affecting her compensation in violation of Title VII.

45. Defendant Amherst College's policies, practices, and/or procedures have had a disparate impact on Plaintiff Paullette M. Leukhardt with respect to the terms and conditions of her employment.

46. Defendant Amherst College's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff Paullette M. Leukhardt entitling her to punitive damages.

47. By reason of the continuous nature of Defendant Amherst College's discriminatory conduct, which persisted throughout the employment of the Plaintiff up until July 2016, Plaintiff Paullette M. Leukhardt is entitled to the application of the continuing violations doctrine to all violations alleged herein.

48. As a result of Defendant Amherst College's conduct alleged in this Complaint, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

49. Plaintiff Paullette M. Leukhardt is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants under Title VII.

50. As a further result of Defendant Amherst College's unlawful conduct, Plaintiff Paullette M. Leukhardt suffered *inter alia*, impairment to her name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. Plaintiffs are entitled to recover damages for such injuries from the Defendant Amherst College under Title VII.

51. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of Title VII, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT III
### (Violation of G.L. c. 151B)

52. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-51 of this Complaint.

53. At all times relevant to this Complaint, Plaintiff Paullette M. Leukhardt was over the age of 40.

54. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

55. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of G.L. c. 151B.

56. The differential in pay between younger and older employees was not due to seniority, merit, quantity or quality of production, or a factor other than age, but was due to age.

57. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on age, in violation of the G.L. c. 151B.

58. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

59. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## COUNT IV
### (29 U.S.C. §§ 623(a) (1), 631(a))

60. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-59 of this Complaint.

61. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

62. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of 29 U.S.C. §§ 623(a)(1), 631(a).

63. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

64. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Respectfully Submitted,
Paullette M. Leukhardt, Plaintiff,
By her Attorney,

R. Dave DeHerdt, Esquire
BBO#558861
9B State Street, PO Box 28
Shelburne Falls, MA 01370
(413) 376-8000

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>1678 CV 102 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Paullette M. Leukhardt | | COUNTY |
|---|---|---|
| ADDRESS: 230 Main Street | | FRANKLIN |
| Ashfield, MA 01330 | DEFENDANT(S): | Amherst College Corporation and Board of Trustees |
| ATTORNEY: R. DAVE DEHERDT | | |
| ADDRESS: POB 28 | ADDRESS: | Board of Trustees, 104 Converse Hall |
| SHELBURNE FALLS, MA 01370 | | Amherst, MA 01002 |
| BBO: 558861 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B22<br>*If "Other" please describe: | TYPE OF ACTION (specify)<br>Employment Discrimination<br>(EPA, Title VII, GL 151B) | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES   ☐ NO |
|---|---|---|---|

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................................................................................. $
2. Total doctor expenses ................................................................................................................. $
3. Total chiropractic expenses ........................................................................................................ $
4. Total physical therapy expenses ................................................................................................ $
5. Total other expenses (describe below) ...................................................................................... $
Subtotal (A): $

B. Documented lost wages and compensation to date ...................................................................... $ 105, 209
C. Documented property damages to dated ....................................................................................... $
D. Reasonably anticipated future medical and hospital expenses .................................................... $
E. Reasonably anticipated lost wages ............................................................................................... $
F. Other documented items of damages (describe below) ................................................................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Due to discriminatory acts of Defendant, Plaintiff suffered lost wages, lost back pay, lost bonuses, lost benefits, lost interest, incurred attorney's fees and costs.

TOTAL (A-F):$    105,209.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____     Date: 09/26/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 09/26/16

**<u>Exhibit B</u>**

RECEIVED DEC 1 3 2016

# Commonwealth of Massachusetts

FRANKLIN, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1678CU102_

_Paulette M Leukhardt_ PLAINTIFF(S),

A TRUE AND
ATTESTED COPY
_David Turnbull_
DEPUTY SHERIFF
_Dec 13, 2016_

v. _Board of Trustees_
_Amherst College Corp_, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Board of Trustees, Amherst_ (Defendant's Name)
_College Corporation_

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Franklin Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Franklin Superior Court, 101 Munson Street, Greenfield, MA 01301 (address), by mail or in person, AND

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _R. Dave Detterdt, 98 State St. POB 28, Shelburne Falls, MA 01370_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _December 5_, 20_16_ . (SEAL)

Susan K. Emond
Clerk of Courts

_Susan K. Emond_

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

JS 44  (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
PAULLETTE M. LEUKHARDT

**DEFENDANTS**
AMHERST COLLEGE CORPORATION AND BOARD OF TRUSTEES
[NOTE:  Defendant's correct legal name is Trustees of Amherst College.]

**(b)** County of Residence of First Listed Plaintiff    Franklin County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hampshire County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Dave DeHerdt
Law Office of R. Dave DeHerdt, 9B State Street, POB 28, Shelburne
Falls MA 01370, 413-376-8000.

Attorneys *(If Known)*
David J. Santeusanio and Katrina N. Chapman
Holland & Knight LLP, 10 St. James Avenue, Boston, MA  02116,
617-523-2700.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | ☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609<br>**FEDERAL TAX SUITS**<br><br> |    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Equal Pay Act, 29 U.S.C. § 206 (d); Title VII of the Civil Rights Act of 1964; 29 U.S.C. § 623(a)(1) and 631(a).
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
105,209.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
12/30/2016

SIGNATURE OF ATTORNEY OF RECORD
David J. Santeusanio

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 08/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) PAULLETTE M. LEUKHARDT v. AMHERST COLLEGE CORPORATION AND BOARD OF TRUSTEES

   [NOTE: Defendant's correct legal name is Trustees of Amherst College.]

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   [ ] III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [✓]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  David J. Santeusanio

ADDRESS  Holland & Knight LLP, 10 St. James Avenue, Boston, MA  02116

TELEPHONE NO.  617-523-2700

(CategoryForm3-2016.wpd )

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1678CV00102 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Paullette M. Leukhardt vs. AMHERST COLLEGE | Susan K. Emond, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Franklin County Superior Court 101 Munson Street Greenfield, MA 01301 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                          DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/27/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 01/24/2017 | |
| All motions under MRCP 12, 19, and 20 | 01/24/2017 | 02/23/2017 | 03/27/2017 |
| All motions under MRCP 15 | 01/24/2017 | 02/23/2017 | 03/27/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 07/24/2017 | | |
| All motions under MRCP 56 | 08/22/2017 | 09/21/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/19/2018 |
| Case shall be resolved and judgment shall issue by | | | 09/26/2018 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

A TRUE COPY ATTEST

Clerk of Courts

| DATE ISSUED 09/26/2016 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 09-26-2016 12:43:18

SCV026i 11/2014

# Commonwealth of Massachusetts

FRANKLIN, ss.

TRIAL COURT DEPARTMENT
FRANKLIN SUPERIOR DIVISION
CIVIL ACTION NO.
1678 CV 102

Paullette M. Leukhardt,

                Plaintiff

    v.

Amherst College Corporation and Board of
Trustees,

                Defendant

**2016 SEP 26 PM 12: 41**

**FRANKLIN SUPERIOR COURT FILED**

## ORIGINAL COMPLAINT

1. The Plaintiff, Paullette M. Leukhardt, is an individual and resides at 230 Main Street, Ashfield, County of Franklin, Massachusetts.

2. The Defendants Amherst College Corporation and Board of Trustees (together referred to as "Amherst College") is a federally funded, private liberal arts college located in Amherst, County of Hampshire, Commonwealth of Massachusetts.

3. Plaintiff is an employee of the Defendant in its Administrative Information Services department f/k/a Database Services.

4. Plaintiff was first hired by Defendant in October 1968.

5. The Defendant hired Plaintiff as a salaried employee the salary calculated at 35 hours per week.

6. As a salaried employee of Defendant, it is not possible for Plaintiff to stop in the middle of meetings, IT projects, or other job processes even though they may extend beyond Plaintiff's allotted 35 hours upon which her salary is based.

7. During the period 1985 – 1990, female employees of the Defendant complained of what appeared to be a gender discriminatory pay structure in that the male non-exempt staff employed in the Defendant's Physical Plant department were being paid for a forty hour work week, while female non-exempt staff were restricted to a thirty-five hour work week.

8. Prior to 1997, the Defendant had its computer related services divided into two departments; The Academic Computer Center which reported to the Dean of Faculty, and the Administrative Computer Center reporting to the Treasurer of the College.

A TRUE COPY ATTEST

_Dee K. Frond_

Clerk of Courts

9. During the period 1985 – 1993, The Director of the Academic Computer Center, the Dean of Faculty, changed all employees in that department from 35hr/week salaried employees to 40hr/week salaried employees. The Administrative Computer Center employees remained at 35hr/week salaries. The employees in both departments performed basically the same work.

10. In 1996, both the Academic Computer Center and the Administrative Computer Center were reorganized so both departments began reporting to the Defendant's Dean of Faculty.

11. In 1997, Defendant hired its first Director of Information Technology. The two computer centers then began reporting directly to the Director of Information Technology who reported to the Dean of Faculty.

12. Under the first Director of Information Technology, the two computer centers were divided into four groups. No changes in the existing pay structures occurred during the 1996-1997 period. This resulted in Plaintiff remaining as a 35hr/week salaried employee while her male counter-parts receiving 40hr/week salaries for the same work.

13. Beginning approximately 1999 and continuing through 2013, new employees were hired into the various Information Technology groups, including the Plaintiff's group of "Database Services." The new hires were young males who were all hired as 40hr/week salaried employees.

14. In August 2008, a new person was hired into Plaintiff's department. The new hire was male and under 50 years of age. He was hired as a 40hr/week salaried position.

15. Beginning in 2009 Plaintiff requested her weekly hours be changed from 35 to 40 hours/week. She made this request because of the requirements of her position and the wage discrepancy existing between herself and younger male colleagues at Amherst College who were performing the same work as Plaintiff. Her many requests were denied without justification.

16. During April-June, 2010, Plaintiff's then supervisor requested Plaintiff's hours be increased from 35 t0 40 hours/week. This request was made to the Defendant's Director of Information Technology at the time, Peter Schilling. The request was denied.

17. In September 2010, Plaintiff met with the Defendant's Dean of Faculty, Greg Call, and requested she be changed to a 40hr/week salaried employee in light of all other members of her department being hired as 40hr/week salaried employees. Plaintiff explained the actual hours she worked with her fellow employees was always 40-60 hours/week. Plaintiff's request was summarily denied.

18. Less than two months after Plaintiff made her request to Defendant's Dean of Faculty, two new people were hired by the Defendant into Plaintiff's department; Both were male and under 50 years old. Both new employees were hired as 40hr/week salaried positions.

19. Subsequent to Plaintiff making her requests to Greg Call for an increase in hours, the Defendant's Director of Human Resources, Katie Bryne, stated the solution to the wage inequity issue raised by Plaintiff was for her to "work less."

20. During 2008 and 2010, three new employees were hired into the Plaintiff's department. All were male and younger than Plaintiff. All the new hires began as 40hr/week salaried employees.

21. On January 2015, Plaintiff's immediate supervisor made a request to Defendant's CIO, David Hamilton, that Plaintiff's hours be changed from 35 to 40/week. The request was ignored.

22. In 2015, Plaintiff spoke directly with the Defendant's CIO, David Hamilton, she explained her belief the disparate pay structure between herself and her male colleagues and the new hires was discriminatory being based on gender and age. She demanded the issue be retroactively resolved. David Hamilton ignored Plaintiff and otherwise never responded to Plaintiff's demands.

23. In March 2015, Ms. Leukhardt spoke with David Hamilton directly. She very deliberately and repeatedly indicated to David Hamilton the discrimination based on age and gender which was happening to her needed to be fixed immediately. She again specifically explained how she was working at least 40 hours per week alongside and with the younger men in her department. However, the younger men were being paid for 40 hours but she was still at 35 hours.  She told Mr. Hamilton she had raised the issue since 2010. She asked why the long delay to fix such an obvious problem.

24. In March 2015, Defendant's CIO, David Hamilton said to Plaintiff, "you don't want to spoil your last years of your employment with the College." He then went on to infer any change the Plaintiff was requesting would necessarily require legal action against Amherst College. David Hamilton has told other employees who worked beyond their allotted hours "you let the College abuse you."

25. More than 90 days passed after Plaintiff's March 2015 meeting with CIO David Hamilton during which no response was made to Plaintiffs' requests.

26. Defendant Amherst College discriminated against Plaintiff on the basis of her gender by providing her with less compensation than similarly situated male employees performing the same or similar duties.

27. Defendant Amherst College's discriminatory policies, practices, and procedures are not valid, job related, or justified by business necessity.

28. During the period relevant to this Complaint, Defendant's wrongful actions and failure to act directly caused Plaintiff to lose a significant amount of wages, employer retirement contribution, employer social security contributions, employer Medicare contributions, and a lost rate or return on her retirement benefits.

## COUNT 1
## (EQUAL PAY ACT VIOLATION)

29. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-28 of this Complaint.

30. All actions of Defendant Amherst College's employees/agents are imputed to the Defendant in pursuant to the doctrine of *respondeat superior*.

31. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her gender.

32. By its actions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").

33. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

34. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

35. The Plaintiff has exhausted her administrative remedies and complied with any statutory prerequisites by filing charges with the Equal Employment Opportunity Commission alleging gender discrimination on behalf of herself. Plaintiff has perfected her Right to Sue.

36. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

37. Because Defendant Amherst College willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

38. As a result of Defendant Amherst College's conduct as alleged in this Complaint, Plaintiff Paullette M. Leukhardt suffered harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

39. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

40. Attorneys' fees should be awarded under 29 U.S.C. §216(b)

## COUNT II
## (TITLE VII VIOLATION)

41. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-40 of this Complaint.

42. Defendant Amherst College's actions and failure to act constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"), 42 U.S.C. 2000e, et. seq. ("Title VII").

43. This suit is being brought within 90 days of the receipt by Plaintiff of Right to Sue letter issued by the EEOC.

44. Defendant Amherst College has discriminated against Plaintiff Paullette M. Leukhardt by treating her differently from and less preferably than similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her gender affecting her compensation in violation of Title VII.

45. Defendant Amherst College's policies, practices, and/or procedures have had a disparate impact on Plaintiff Paullette M. Leukhardt with respect to the terms and conditions of her employment.

46. Defendant Amherst College's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff Paullette M. Leukhardt entitling her to punitive damages.

47. By reason of the continuous nature of Defendant Amherst College's discriminatory conduct, which persisted throughout the employment of the Plaintiff up until July 2016, Plaintiff Paullette M. Leukhardt is entitled to the application of the continuing violations doctrine to all violations alleged herein.

48. As a result of Defendant Amherst College's conduct alleged in this Complaint, the Plaintiff Paulette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

49. Plaintiff Paulette M. Leukhardt is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants under Title VII.

50. As a further result of Defendant Amherst College's unlawful conduct, Plaintiff Paulette M. Leukhardt suffered *inter alia*, impairment to her name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. Plaintiffs are entitled to recover damages for such injuries from the Defendant Amherst College under Title VII.

51. By reason of Defendant Amherst College's discrimination, Plaintiff Paulette M. Leukhardt is entitled to all legal and equitable remedies available for violations of Title VII, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT III
### (Violation of G.L. c. 151B)

52. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-51 of this Complaint.

53. At all times relevant to this Complaint, Plaintiff Paulette M. Leukhardt was over the age of 40.

54. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

55. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through; *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of G.L. c. 151B.

56. The differential in pay between younger and older employees was not due to seniority, merit, quantity or quality of production, or a factor other than age, but was due to age.

57. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on age, in violation of the G.L. c. 151B.

58. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

59. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## COUNT IV
### (29 U.S.C. §§ 623(a) (1), 631(a))

60. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-59 of this Complaint.

61. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

62. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of 29 U.S.C. §§ 623(a)(1), 631(a).

63. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

64. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Respectfully Submitted,
Paullette M. Leukhardt, Plaintiff,
By her Attorney,

R. Dave DeHerdt, Esquire
BBO#558861
9B State Street, PO Box 28
Shelburne Falls, MA 01370
(413) 376-8000

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1678CV102 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Paullette M. Leukhardt | |
|---|---|---|
| ADDRESS: | 230 Main Street | COUNTY |
| | Ashfield, MA 01330 | FRANKLIN |

| | | DEFENDANT(S): | Amherst College Corporation and Board of Trustees |
|---|---|---|---|
| ATTORNEY: | R. DAVE DEHERDT | | |
| ADDRESS: | POB 28 | ADDRESS: | Board of Trustees, 104 Converse Hall |
| | SHELBURNE FALLS, MA 01370 | | Amherst, MA 01002 |
| BBO: | 558861 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |
| *If "Other" please describe: | (EPA, Title VII, GL 151B) | | |

FRANKLIN SUPERIOR COURT FILED 2016 SEP 26 12:41

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................. $
2. Total doctor expenses ............................................................................... $
3. Total chiropractic expenses ........................................................................ $
4. Total physical therapy expenses .................................................................. $
5. Total other expenses (describe below) ........................................................... $

Subtotal (A): $

B. Documented lost wages and compensation to date ....................................... $
C. Documented property damages to dated ....................................................... $ 105,209
D. Reasonably anticipated future medical and hospital expenses ......................... $
E. Reasonably anticipated lost wages ............................................................... $
F. Other documented items of damages (describe below) .................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Due to discriminatory acts of Defendant, Plaintiff suffered lost wages, lost back pay, lost bonuses, lost benefits, lost interest, incurred attorney's fees and costs.

TOTAL (A-F): $ 105,209.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____        Date: 09/26/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____        Date: 09/26/16

A TRUE COPY ATTEST

Susan K. Emond

Clerk of Courts

**1678CV00102**
**Leukhardt, Paullette M  vs.  Amherst College Corporation and Board of Trustees**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 09/26/2016 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE** | 01/06/2017 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 01/06/2017 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

## LINKED CASE

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 12/27/2016 | 01/06/2017 |
| Rule 12/19/20 Served By | 01/24/2017 | 01/06/2017 |
| Answer | 01/24/2017 | 01/06/2017 |
| Rule 15 Served By | 01/24/2017 | 01/06/2017 |
| Status Review | 02/06/2017 | |
| Rule 12/19/20 Filed By | 02/23/2017 | 01/06/2017 |
| Rule 15 Filed By | 02/23/2017 | 01/06/2017 |
| Rule 15 Heard By | 03/27/2017 | 01/06/2017 |
| Rule 12/19/20 Heard By | 03/27/2017 | 01/06/2017 |
| Discovery | 07/24/2017 | 01/06/2017 |
| Rule 56 Served By | 08/22/2017 | 01/06/2017 |
| Rule 56 Filed By | 09/21/2017 | 01/06/2017 |
| Final Pre-Trial Conference | 01/19/2018 | 01/06/2017 |
| Judgment | 09/26/2018 | 01/06/2017 |

## PARTIES

**Plaintiff**
Leukhardt, Paullette M
230 Main Street
Ashfield, MA 01330

**Private Counsel**                                558861
Richard D Deherdt
Law Office of R. Dave DeHerdt
Law Office of R. Dave DeHerdt
9B State Street
POB 28
Shelburne Falls, MA 01370
Work Phone (413) 376-8000
Added Date: 09/26/2016

A TRUE COPY ATTEST

*Susan K. Emond*

Clerk of Courts

---

Printed: 01/09/2017  1:39 pm        Case No:  1678CV00102                    Page:  1

**COMMONWEALTH OF MASSACHUSETTS**
**FRANKLIN COUNTY**
**Docket Report**

| **Defendant** | **Private Counsel** | 641270 |
|---|---|---|
| Amherst College Corporation and Board of Trustees<br>104 Converse Hall<br>Amherst, MA 01002 | David John Santeusanio<br>Holland & Knight<br>Holland & Knight<br>10 St. James Avenue<br>Boston, MA 02116<br>Work Phone (617) 854-1490<br>Added Date: 01/06/2017 | |

## PARTY CHARGES

| # | Offense Date/<br>Charge | Code | Town | Disposition | Disposition<br>Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| 06/23/2017 | Civil A | Pre-Trial Conference | Canceled | Rup |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| **Total** | | 280.00 | 280.00 | 0.00 | 0.00 |

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| **Total** | | | | |

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 09/26/2016 | 1 | Civil action cover sheet filed. | |
| 09/26/2016 | 2 | Original civil complaint filed. | |
| 09/26/2016 | | Demand for jury trial entered. | |
| 09/26/2016 | | Attorney appearance<br>On this date Richard D Deherdt, Esq. added as Private Counsel for Plaintiff<br>Paullette M. Leukhardt | |
| 09/26/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 09/26/2016 | |
| 12/20/2016 | 3 | Summons, returned SERVED<br><br>Applies To: Amherst College Corporation and Board of Trustees<br>(Defendant) | |
| 01/03/2017 | 4 | Defendant Amherst College Corporation and Board of Trustees's   Notice of<br>filing notice of removal. | |
| 01/06/2017 | | Event Result:<br>The following event: Pre-Trial Conference scheduled for 06/23/2017 02:00<br>PM has been resulted as follows:<br>Result: Canceled<br>Reason: Transferred to another session | Rup |
| 01/06/2017 | | Case transferred to another court. | |
| 01/06/2017 | | Attorney appearance<br>On this date David John Santeusanio, Esq. added as Private Counsel for<br>Defendant Amherst College Corporation and Board of Trustees | |
| 01/06/2017 | | General correspondence regarding mailed certified copy of the file to<br>defendant's attorney. | |
| 01/09/2017 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Amherst College Corporation and Board of Trustees<br>(Defendant) | |

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAULLETTE M. LEUKHARDT,

     Plaintiff,

v.

AMHERST COLLEGE CORPORATION
AND BOARD OF TRUSTEES,

     Defendant.

Civil Action No.:_____

3:16 CV 30195 - MGM

I hereby certify on 1/3/17 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 12/30/16
☐ original filed in my office on.

Robert M. Farrell
Acting Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Trustees of Amherst College[1]

("Amherst College") hereby submits this Notice of Removal of the civil action filed by plaintiff

Paullette M. Leukhardt in the Commonwealth of Massachusetts, Franklin County Superior

Court. In support of this Notice of Removal, Amherst College states as follows:

    1.    Plaintiff filed her Complaint against Amherst College on September 26, 2016 in

Franklin County Superior Court. The case is captioned *Paullette M. Leukhardt v. Amherst*

*College Corporation and Board of Trustees*, Docket No. 1678CV00102. A true and accurate

copy of Plaintiff's Original Complaint and Civil Action Cover Sheet is attached at Exhibit A.

Amherst College was served with process on December 13, 2016. A true and accurate copy of

the Summons is attached at Exhibit B.

    2.    This action is properly removable because this Court has original federal question

jurisdiction over this matter pursuant to 28 U.S.C. §1331 based on Plaintiff's asserted claims for

recovery under federal statutes. As such, this case is removable under 28 U.S.C. § 1441(a) and

---

[1] Plaintiff misnames Defendant as Amherst College Corporation and Board of Trustees. Defendant's correct legal
name is Trustees of Amherst College.

A TRUE COPY ATTEST

Susan K. Frond

Clerk of Courts

5

(c) where Plaintiff asserts claims under the Equal Pay Act, 29 U.S.C. § 206 (d); Title VII of the

Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter

Fair Pay Act of 2009, 42 U.S.C. § 2000e, *et seq.*; and the Age Discrimination in Employment

Act, 29 U.S.C. §§ 623(a)(1) and 631(a). *See* Complaint at Counts I, II, and IV. Plaintiff's

Complaint "necessarily raises a federal question" that is actually disputed and substantial. *See*

*Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Mgmt.*, 585

F.3d 42, 49-51 (1st Cir. 2009).

3.      This Court also has supplemental jurisdiction over the state law claim (Chapter

151B claim) that Plaintiff asserts in the Complaint pursuant to 28 U.S.C. § 1367.

4.      Pursuant to 28 U.S.C. § 1441(a), this action is being removed to the District of

Massachusetts because this Court is the United States District Court for the district and division

embracing the place wherein the state court action is pending.

5.      This Notice of Removal is timely filed within thirty days after service of the

Complaint on Amherst College. Likewise, this Notice is filed within thirty days of Amherst

College's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the first

time Amherst College had possession of a copy of Plaintiff's Superior Court Complaint.

6.      A copy of this Notice of Removal is being filed with the Franklin County

Superior Court, and a written notice is being provided to Plaintiff pursuant to 28 U.S.C. §

1446(d).

7.      Pursuant to Local Rule 81.1(a), certified or attested copies of all records,

proceedings, and docket entries in the Franklin County Superior Court shall be filed with this

Court within twenty-eight days.

WHEREFORE, defendant Trustees of Amherst College respectfully requests that the matter designated by the Complaint attached as <u>Exhibit A</u> be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

TRUSTEES OF AMHERST COLLEGE

By its attorneys,

*/s/ David J. Santeusanio*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Katrina N. Chapman (BBO No. 676177)
*katrina.chapman@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  December 30, 2016

### CERTIFICATE OF SERVICE

I hereby certify that the above Notice of Removal was filed through the ECF system and that I have caused a true and correct copy of the Notice of Removal to be served on Plaintiff's counsel: R. Dave DeHerdt, Law Office of R. Dave DeHerdt, 9B State Street, POB 28, Shelburne Falls MA 01370.

*/s/ David J. Santeusanio*
David J. Santeusanio

3

#49097204_v2

**Exhibit A**

# Commonwealth of Massachusetts

FRANKLIN, ss.

TRIAL COURT DEPARTMENT
FRANKLIN SUPERIOR DIVISION
CIVIL ACTION NO. 1678CU102

Paullette M. Leukhardt,

Plaintiff

v.

Amherst College Corporation and Board of
Trustees,

Defendant

## ORIGINAL COMPLAINT

1. The Plaintiff, Paullette M. Leukhardt, is an individual and resides at 230 Main Street, Ashfield, County of Franklin, Massachusetts.

2. The Defendants Amherst College Corporation and Board of Trustees (together referred to as "Amherst College") is a federally funded, private liberal arts college located in Amherst, County of Hampshire, Commonwealth of Massachusetts.

3. Plaintiff is an employee of the Defendant in its Administrative Information Services department f/k/a Database Services.

4. Plaintiff was first hired by Defendant in October 1968.

5. The Defendant hired Plaintiff as a salaried employee the salary calculated at 35 hours per week.

6. As a salaried employee of Defendant, it is not possible for Plaintiff to stop in the middle of meetings, IT projects, or other job processes even though they may extend beyond Plaintiff's allotted 35 hours upon which her salary is based.

7. During the period 1985 – 1990, female employees of the Defendant complained of what appeared to be a gender discriminatory pay structure in that the male non-exempt staff employed in the Defendant's Physical Plant department were being paid for a forty hour work week, while female non-exempt staff were restricted to a thirty-five hour work week.

8. Prior to 1997, the Defendant had its computer related services divided into two departments; The Academic Computer Center which reported to the Dean of Faculty, and the Administrative Computer Center reporting to the Treasurer of the College.

9. During the period 1985 – 1993, The Director of the Academic Computer Center, the Dean of Faculty, changed all employees in that department from 35hr/week salaried employees to 40hr/week salaried employees. The Administrative Computer Center employees remained at 35hr/week salaries. The employees in both departments performed basically the same work.

10. In 1996, both the Academic Computer Center and the Administrative Computer Center were reorganized so both departments began reporting to the Defendant's Dean of Faculty.

11. In 1997, Defendant hired its first Director of Information Technology. The two computer centers then began reporting directly to the Director of Information Technology who reported to the Dean of Faculty.

12. Under the first Director of Information Technology, the two computer centers were divided into four groups. No changes in the existing pay structures occurred during the 1996-1997 period. This resulted in Plaintiff remaining as a 35hr/week salaried employee while her male counter-parts receiving 40hr/week salaries for the same work.

13. Beginning approximately 1999 and continuing through 2013, new employees were hired into the various Information Technology groups, including the Plaintiff's group of "Database Services." The new hires were young males who were all hired as 40hr/week salaried employees.

14. In August 2008, a new person was hired into Plaintiff's department. The new hire was male and under 50 years of age. He was hired as a 40hr/week salaried position.

15. Beginning in 2009 Plaintiff requested her weekly hours be changed from 35 to 40 hours/week. She made this request because of the requirements of her position and the wage discrepancy existing between herself and younger male colleagues at Amherst College who were performing the same work as Plaintiff. Her many requests were denied without justification.

16. During April-June, 2010, Plaintiff's then supervisor requested Plaintiff's hours be increased from 35 to 40 hours/week. This request was made to the Defendant's Director of Information Technology at the time, Peter Schilling. The request was denied.

17. In September 2010, Plaintiff met with the Defendant's Dean of Faculty, Greg Call, and requested she be changed to a 40hr/week salaried employee in light of all other members of her department being hired as 40hr/week salaried employees. Plaintiff explained the actual hours she worked with her fellow employees was always 40-60 hours/week. Plaintiff's request was summarily denied.

18. Less than two months after Plaintiff made her request to Defendant's Dean of Faculty, two new people were hired by the Defendant into Plaintiff's department: Both were male and under 50 years old. Both new employees were hired as 40hr/week salaried positions.

19. Subsequent to Plaintiff making her requests to Greg Call for an increase in hours, the Defendant's Director of Human Resources, Katie Bryne, stated the solution to the wage inequity issue raised by Plaintiff was for her to "work less."

20. During 2008 and 2010, three new employees were hired into the Plaintiff's department. All were male and younger than Plaintiff. All the new hires began as 40hr/week salaried employees.

21. On January 2015, Plaintiff's immediate supervisor made a request to Defendant's CIO, David Hamilton, that Plaintiff's hours be changed from 35 to 40/week.  The request was ignored.

22. In 2015, Plaintiff spoke directly with the Defendant's CIO, David Hamilton, she explained her belief the disparate pay structure between herself and her male colleagues and the new hires was discriminatory being based on gender and age. She demanded the issue be retroactively resolved. David Hamilton ignored Plaintiff and otherwise never responded to Plaintiff's demands.

23. In March 2015, Ms. Leukhardt spoke with David Hamilton directly. She very deliberately and repeatedly indicated to David Hamilton the discrimination based on age and gender which was happening to her needed to be fixed immediately. She again specifically explained how she was working at least 40 hours per week alongside and with the younger men in her department. However, the younger men were being paid for 40 hours but she was still at 35 hours.   She told Mr. Hamilton she had raised the issue since 2010. She asked why the long delay to fix such an obvious problem.

24. In March 2015, Defendant's CIO, David Hamilton said to Plaintiff, "you don't want to spoil your last years of your employment with the College." He then went on to infer any change the Plaintiff was requesting would necessarily require legal action against Amherst College. David Hamilton has told other employees who worked beyond their allotted hours "you let the College abuse you."

25. More than 90 days passed after Plaintiff's March 2015 meeting with CIO David Hamilton during which no response was made to Plaintiffs' requests.

26. Defendant Amherst College discriminated against Plaintiff on the basis of her gender by providing her with less compensation than similarly situated male employees performing the same or similar duties.

3

27. Defendant Amherst College's discriminatory policies, practices, and procedures are not valid, job related, or justified by business necessity.

28. During the period relevant to this Complaint, Defendant's wrongful actions and failure to act directly caused Plaintiff to lose a significant amount of wages, employer retirement contribution, employer social security contributions, employer Medicare contributions, and a lost rate or return on her retirement benefits.

## COUNT 1
## (EQUAL PAY ACT VIOLATION)

29. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-28 of this Complaint.

30. All actions of Defendant Amherst College's employees/agents are imputed to the Defendant in pursuant to the doctrine of *respondeat superior*.

31. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her gender.

32. By its actions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").

33. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

34. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the EPA.

35. The Plaintiff has exhausted her administrative remedies and complied with any statutory prerequisites by filing charges with the Equal Employment Opportunity Commission alleging gender discrimination on behalf of herself. Plaintiff has perfected her Right to Sue.

36. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

37. Because Defendant Amherst College willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

38. As a result of Defendant Amherst College's conduct as alleged in this Complaint, Plaintiff Paullette M. Leukhardt suffered harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

39. By reason of Defendant Amherst College's discrimination, Plaintiff Paullette M. Leukhardt is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

40. Attorneys' fees should be awarded under 29 U.S.C. §216(b)

## COUNT II
### (TITLE VII VIOLATION)

41. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-40 of this Complaint.

42. Defendant Amherst College's actions and failure to act constitute a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"). 42 U.S.C. 2000e, et. seq. ("Title VII").

43. This suit is being brought within 90 days of the receipt by Plaintiff of Right to Sue letter issued by the EEOC.

44. Defendant Amherst College has discriminated against Plaintiff Paullette M. Leukhardt by treating her differently from and less preferably than similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her gender affecting her compensation in violation of Title VII.

45. Defendant Amherst College's policies, practices, and/or procedures have had a disparate impact on Plaintiff Paullette M. Leukhardt with respect to the terms and conditions of her employment.

46. Defendant Amherst College's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff Paullette M. Leukhardt entitling her to punitive damages.

47. By reason of the continuous nature of Defendant Amherst College's discriminatory conduct, which persisted throughout the employment of the Plaintiff up until July 2016, Plaintiff Paullette M. Leukhardt is entitled to the application of the continuing violations doctrine to all violations alleged herein.

48. As a result of Defendant Amherst College's conduct alleged in this Complaint, the Plaintiff Paulette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

49. Plaintiff Paulette M. Leukhardt is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants under Title VII.

50. As a further result of Defendant Amherst College's unlawful conduct, Plaintiff Paulette M. Leukhardt suffered *inter alia*, impairment to her name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. Plaintiffs are entitled to recover damages for such injuries from the Defendant Amherst College under Title VII.

51. By reason of Defendant Amherst College's discrimination, Plaintiff Paulette M. Leukhardt is entitled to all legal and equitable remedies available for violations of Title VII, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT III
### (Violation of G.L. c. 151B)

52. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-51 of this Complaint.

53. At all times relevant to this Complaint, Plaintiff Paulette M. Leukhardt was over the age of 40.

54. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

55. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of G.L. c. 151B.

56. The differential in pay between younger and older employees was not due to seniority, merit, quantity or quality of production, or a factor other than age, but was due to age.

57. Defendant Amherst College caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on age, in violation of the G.L. c. 151B.

58. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

59. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## COUNT IV
### (29 U.S.C. §§ 623(a) (1), 631(a))

60. Plaintiff incorporates by reference as if fully stated herein, paragraphs 1-59 of this Complaint.

61. Defendant Amherst College has engaged in systematic discriminatory treatment of Plaintiff based on her Age.

62. By its actions and inactions as described herein, Defendant Amherst College discriminated against Plaintiff through, *inter alia*: (a) disparate treatment; (b) discriminatory policies, practices and procedures in selection, pay, promotion, and advancement in violation of 29 U.S.C. §§ 623(a)(1), 631(a).

63. As a result of Defendant Amherst College's conduct, the Plaintiff Paullette M. Leukhardt has suffered harm, including but not limited to: lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

64. WHEREFORE, Plaintiff demands judgment enter against Defendant Amherst College in an amount to be determined at trial along with reasonable attorney's fees and cost and any other relief this Courts deems just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Respectfully Submitted,
Paullette M. Leukhardt, Plaintiff,
By her Attorney,

R. Dave DeHerdt, Esquire
BBO#558861
9B State Street, PO Box 28
Shelburne Falls, MA 01370
(413) 376-8000

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1678 CV 102 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| **PLAINTIFF(S):** Paullette M. Leukhardt | | **COUNTY** FRANKLIN |
| **ADDRESS:** 230 Main Street | | |
| Ashfield, MA 01330 | **DEFENDANT(S):** | Amherst College Corporation and Board of Trustees |
| **ATTORNEY:** R. DAVE DEHERDT | | |
| **ADDRESS:** POB 28 | **ADDRESS:** | Board of Trustees, 104 Converse Hall |
| SHELBURNE FALLS, MA 01370 | | Amherst, MA 01002 |
| **BBO:** 558861 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. B22 | TYPE OF ACTION (specify) Employment Discrimination | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|
| *If "Other" please describe: | (EPA, Title VII, GL 151B) | | |

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................... $
   2. Total doctor expenses ............................................. $
   3. Total chiropractic expenses ...................................... $
   4. Total physical therapy expenses ................................. $
   5. Total other expenses (describe below) ........................... $
                                      Subtotal (A): $
B. Documented lost wages and compensation to date ...................... $ 105,209
C. Documented property damages to dated ................................ $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .................................... $
F. Other documented items of damages (describe below) ................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Due to discriminatory acts of Defendant, Plaintiff suffered lost wages, lost back pay, lost bonuses, lost benefits, lost interest, incurred attorney's fees and costs.

**TOTAL (A-F):$** 105,209.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

**Signature of Attorney/Pro Se Plaintiff:** X _____ **Date:** 09/26/16

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X _____ **Date:** 09/26/16

**<u>Exhibit B</u>**

RECEIVED DEC 1 3 2016

## Commonwealth of Massachusetts

FRANKLIN, ss.

Paulette M Leukhardt, PLAINTIFF(S),

v. Board of Trustees
Amherst College Corp, DEFENDANT(S)

A TRUE AND
ATTESTED COPY
[signature]
DEPUTY SHERIFF

Dec 13, 2016

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1678CV102

### SUMMONS

THIS SUMMONS IS DIRECTED TO Board of Trustees Amherst
College Corporation . (Defendant's Name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Franklin Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Franklin Superior Court, 101 Munson Street, Greenfield, MA 01301 (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   R. Dave Dethardt, 98 State St., POB 28, Shelburne Falls, MA 01370 .

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on December 5, 2016 . (SEAL)

Susan K. Emond
Clerk of Courts

[signature] Susan K. Emond

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAULLETTE M. LEUKHARDT

## DEFENDANTS
AMHERST COLLEGE CORPORATION AND BOARD OF TRUSTEES
[NOTE:  Defendant's correct legal name is Trustees of Amherst College.]

**(b)** County of Residence of First Listed Plaintiff   Franklin County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hampshire County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Dave DeHerdt
Law Office of R. Dave DeHerdt, 9B State Street, POB 28, Shelburne Falls MA 01370, 413-376-8000.

Attorneys *(If Known)*
David J. Santeusanio and Katrina N. Chapman
Holland & Knight LLP, 10 St. James Avenue, Boston, MA  02116, 617-523-2700.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**           **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane           ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product           Product Liability |  | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability           ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &           Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander           Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'           Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability           ☐ 368 Asbestos Personal |  | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine           Injury Product |  |  | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product           Liability |  | **LABOR** |        **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability         **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle           ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle           ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability           ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal           Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury           ☐ 385 Property Damage | ☐ 751 Family and Medical |  | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury -           Product Liability | Leave Act |  | ☐ 893 Environmental Matters |
|  | Medical Malpractice |  | **FEDERAL TAX SUITS** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information |
| **REAL PROPERTY** |        **CIVIL RIGHTS**       **PRISONER PETITIONS** | ☐ 791 Employee Retirement |  | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights        **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting           ☐ 463 Alien Detainee |  | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment           ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/           Sentence |  | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations           ☐ 530 General |  |  | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -           ☐ 535 Death Penalty |        **IMMIGRATION** |  | State Statutes |
|  | Employment           **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -           ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  | Other           ☐ 550 Civil Rights | Actions |  |  |
|  | ☐ 448 Education           ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Equal Pay Act, 29 U.S.C. § 206 (d); Title VII of the Civil Rights Act of 1964; 29 U.S.C. § 623(a)(1) and 631(a).
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
105,209.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
12/30/2016

SIGNATURE OF ATTORNEY OF RECORD
David J. Santeusanio

**FOR OFFICE USE ONLY**

RECEIPT #               AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) PAULLETTE M. LEUKHARDT v. AMHERST COLLEGE CORPORATION AND BOARD OF TRUSTEES
   [NOTE:  Defendant's correct legal name is Trustees of Amherst College.]

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ☐ I.    410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☐ III.  120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐        Central Division ☐        Western Division ☑

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME David J. Santeusanio
ADDRESS Holland & Knight LLP, 10 St. James Avenue, Boston, MA  02116
TELEPHONE NO. 617-523-2700

(CategoryForm3-2016.wpd )